UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARIBEL PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-00645<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes MARIBEL PEREZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of THE CBE GROUP, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a 21 year-old natural person who at all times relevant herein, resided at 3344 North Richards Street, Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collection agency with its headquarters located at 1309 Technology Parkway, Cedar Falls, Iowa. Defendant regularly collects upon consumers located in Wisconsin, and has been a member of ACA International, an association of credit and collection professionals, since 1950.[1]

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In recent years, Plaintiff has experienced various medical issues, and upon receiving treatment at the hospital, she incurred medical debt. *See* Attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. In early 2017, Plaintiff began receiving calls to her cellular phone, (414) XXX-5805, from Defendant. *See* Exhibit A.

---
[1] http://www.acainternational.org/search#memberdirectory

2

Case 2:17-cv-00645-PP   Filed 05/04/17   Page 2 of 11   Document 1

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5805. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has called Plaintiff's cellular phone using various phone numbers, including but not limited to: (414) 323-8180, (414) 839-9985, (414) 937-5452, (414) 930-5822, (414) 930-5842, and (414) 930-5802. *Id.*

13. Upon information and belief, the aforementioned phone numbers are all utilized by Defendant during its debt collection activity.

14. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting approximately four to five seconds in length, before a live person begins to speak. *Id.*

15. When Plaintiff answers Defendant's phone calls, it informs her that it is seeking to collect upon a past due medical debt. *Id.*

16. Plaintiff has told Defendant that she just underwent surgery and could not afford to make a payment. *Id.*

17. Plaintiff has also told Defendant to stop calling her and to place her on its do-not-call list on multiple occasions. *Id.*

18. For instance, Plaintiff spoke with Defendant on April 19, 2017, and asked it why it was continuing to call her cellular phone when she had previously asked it to stop calling. *Id.*

19. Despite Plaintiff's numerous demands, Defendant has continued to relentlessly call her cellular phone up until the date of the filing of this complaint. *Id.*

20. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that she does not wish to be contacted. *Id.*

21. Plaintiff has received at least 23 phone calls from Defendant since asking it to stop calling. *Id.*

22. On one occasion, Defendant even called Plaintiff's cellular phone as soon as she woke up from surgery. *Id.*

23. Recuperating from recent surgeries, Defendant's phone calls have inhibited Plaintiff's recovery process and have worsened her overall physical condition. *Id.*

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 23 times after she demanded that it stop contacting her. Defendant even called Plaintiff as soon as she woke up from surgery, and despite her notifying it that she was not in a position to pay due to her recent surgical procedures, Defendant continued its harassing conduct. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

33. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite being told to cease contacting her, Defendant

5

continued to relentlessly contact Plaintiff via automated calls. Instead of stopping this behavior, Defendant kept calling Plaintiff using different phone numbers, in a deceptive attempt to force her to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via automated calls when it no longer had consent to do so.

    c. **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 23 times after she notified it of her situation and to stop calling her. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 21 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARIBEL PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately four to five seconds in length, before Plaintiff was connected with one of Defendant's live representatives is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43. Defendant violated the TCPA by placing at least 23 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to the original party of interest, which Defendant will likely assert transfers down to it, was explicitly revoked by Plaintiff's demands to cease calling her cellular phone.

44. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant received multiple prompts to cease calling, but it defied those demands and continued to harass Plaintiff.

WHEREFORE, Plaintiff, MARIBEL PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "customer" as defined by §421.301(17) of the WCA.

48. The subject debt is a "claim" under §427.103(1), as it is an alleged obligation arising from a consumer transaction.

49. Defendant is a "debt collector" and "creditor" as defined by §427.103(3) and §421.301(16) of the WCA, respectively, because it regularly engages in consumer credit transactions uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

50. Defendant's phone calls constitute "debt collection" as defined by §427.103(12), because they are soliciting claims for collection alleged to be owed to a merchant by Plaintiff.

51. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

52. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she notified it to stop calling her. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

53. Even after being told to stop calling, Defendant placed multiple calls to Plaintiff's cellular phone in the same day, and has even called her as soon as she woke up from surgery. Placing several calls in a short amount of time and calling her right after surgery is extremely harassing behavior, especially after being told by Plaintiff that she does not wish to be contacted.

54. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

55. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

56. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after she told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so. As a member of the ACA since 1950, Defendant should have known that it did not have the right to continue harassing Plaintiff with collection phone calls. Based upon Defendant's conduct, it is clear that it will do anything in its power to collect upon a debt, even if it means violating the law to harass consumers.

57. As pled in paragraphs 21 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

58. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting her, but yet, she was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 23 times using different phone numbers, and even called multiple times during the same day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After Plaintiff told it to stop calling, Defendant had more than enough information to know that it should not continue calling her phone number. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, MARIBEL PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 4, 2017                                          Respectfully submitted,

s/ Nathan C. Volheim                                        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                            Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                       Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin               Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                                    Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                              900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                   Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                 (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                    thatz@sulaimanlaw.com